**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MICHAEL S. ODEN, | ) | |
| #1072307 | ) | |
| Plaintiff, | ) | 2:11-cv-00334-KJD-GWF |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ELISSA CADISH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

Plaintiff submitted a *pro se* complaint on the form for a 42 U.S.C. § 1983 civil rights complaint, along with an incomplete application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. Even in the absence of a complete application to proceed *in forma pauperis*, the court must dismiss plaintiff's complaint for failure to state a claim for which relief may be granted.

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings,

however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action

2

1   is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

2          Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

3   because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*

4   *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a

5   complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual

6   allegations, a court should assume their veracity and then determine whether they plausibly give rise to

7   an entitlement to relief. *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a

8   context-specific task that requires the reviewing court to draw on its judicial experience and common

9   sense." *Id*.

10          Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the

11  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

12  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

13  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

14  allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

15  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

16  **II.  Instant Complaint**

17          It appears that plaintiff is a detainee at Clark County Detention Center, though on his

18  complaint, which is unsigned, he lists a Boulder City address.  Plaintiff has named a state court judge,

19  as well as the family court, public defender's office and district attorney's office as defendants.

20  Plaintiff's complaint is difficult to decipher; he appears to challenge a finding of incompetency by the

21  family court.  For the reasons discussed below, plaintiff's complaint is dismissed.

22          All of the defendants are immune from suit based on the principles of either absolute or

23  qualified immunity, or because they are not amenable to suit under 42 U.S.C. § 1983.  With respect to

24  judges: "[c]ourts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983

25  not only to judges but also to officers whose functions bear a close association to the judicial process."

26  *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986).  "Judges and those performing judge-like functions

1    are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman*

2    *v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir.

3    2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745,

4    750 (9th Cir. 1987).   Judges retain their immunity when they are accused of acting maliciously or

5    corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349,

6    356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879

7    F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965;

8    *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075.

9    Magistrate judges are entitled to absolute judicial immunity from § 1983 damage actions.  *See Tanner*,

10   879 F.2d at 576-78; *Ryan v. Bilby*, 764 F/2d 1325, 1328 n.4 (9th Cir. 1985); *see also Atkinson-Baker &*

11   *Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (extending judicial immunity to special

12   masters).

13           With respect to the district attorneys: prosecutorial immunity protects eligible government

14   officials when they are acting pursuant to their official role as advocate for the State performing

15   functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*,

16   424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello v.*

17   *Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir.

18   2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th

19   Cir. 2003).   Prosecutorial immunity does not extend to those actions of a prosecutor that are

20   "administrative" or "investigative" in nature.  *See Hartman v. Moore*, 547 U.S. 250, 261-62 n.8 (2006);

21   *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Botello*, 413 F.3d at 975-76; *Genzler*, 410 F.3d

22   at 636.  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official

23   capacity.  *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259,

24   269-70 (1993); *Imbler*, 424 U.S. at 427, 430-31; *Botello*, 413 F.3d at 975; *Genzler*, 410 F.3d at 636;

25   *KRL*, 384 F.3d at 1110; *Broam*, 320 F.3d at 1028.

26

4

1    When public defenders or court-appointed attorneys are acting in their role as advocate,

2    they are not acting under color of state law for § 1983 purposes.  *See Georgia v. McCollum*, 505 U.S.

3    42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057,

4    1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).  The

5    Supreme Court has concluded that public defenders do not act under color of state law because their

6    conduct as legal advocates is controlled by professional standards independent of the administrative

7    direction of a supervisor.  *See Polk County*, 454 U.S. at 321.

8    Plaintiff does not set forth clear allegations against any defendants.  Moreover, the

9    defendants in this action are dismissed based on absolute immunity or because they are not amenable

10   to suit under § 1983.  Because amendment would be futile, the entire complaint is dismissed with

11   prejudice and without leave to amend.

12   **III.  Conclusion**

13   **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*

14   *pauperis* (docket #1) is **DENIED**.

15   **IT IS FURTHER ORDERED** that the Clerk shall detach and **FILE** the complaint

16   (docket #1-1).

17   **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice for failure

18   to state a claim for which relief may be granted.

19   **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close

20   this case.

DATED:  March 9, 2011

_____
UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

5